**CV-10 2262**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CENTRO DE LA COMUNIDAD HISPANA DE :
LOCUST VALLEY; and THE WORKPLACE :
PROJECT, :
:
                    Plaintiffs, :
:
  -versus- :
:
TOWN OF OYSTER BAY; and JOHN :
VENDITTO, Town Supervisor of the Town of :
Oyster Bay, :
:
                    Defendants. :
-----------------------------------------------------------X

10 Civ. ____

FILED
U.S. DISTRICT COURT E.D.N.Y.
MAY 18 2010
LONG ISLAND OFFICE

HURLEY, J.

LINDSAY, M.

### AFFIRMATION OF ATTORNEY COREY STOUGHTON IN SUPPORT OF PLAINTIFFS' ORDER TO SHOW CAUSE AND MOTION FOR TEMPORARY RESTRAINING ORDER

I, Corey Stoughton, a member of the Bar of the State of New York and a member of the Bar of this Court, affirm as follows:

1. I am counsel of record for Plaintiffs in the above-captioned action and respectfully submit this affirmation pursuant to Rule 6.1(d) of the Local Rules of the Southern and Eastern Districts, in support of Plaintiffs' Order to Show Cause seeking a preliminary injunction and temporary restraining order staying the enforcement of Chapter 205.32 of the Code of the Town of Oyster Bay (hereinafter "the Ordinance").

2. As set forth in the Complaint filed today in conjunction with the Order to Show Cause, the Ordinance is a measure designed to criminalize speech on public sidewalks that is related to the securing of employment. It is particularly designed to restrict the employment-related speech of a group of predominantly Latino day laborers who obtain work by soliciting employment from the sidewalks of Oyster Bay.

1

3. Plaintiffs seek a temporary restraining order and are proceeding by Order to Show Cause rather than by Notice of Motion because, as set forth in Part II of the Memorandum of Law submitted in support of Plaintiffs' Order to Show Cause, as well as the Declarations of Nadia Marin and Luz Torres, enforcement of the Ordinance means that Plaintiffs cannot exercise their right to engage in political advocacy on behalf of the employment of day laborers in public forums in Oyster Bat without fear of criminal sanction.

4. Moreover, as also set forth in the documents referenced in paragraph 3, the Plaintiffs' day-laborer members suffer significant harm each day the Ordinance is enforced in that they cannot obtain work and, thus, are not able to support themselves or their families. Given that the lawsuit Plaintiffs have filed on behalf of their members cannot seek economic damages to remedy the lost wages of their members, Plaintiffs must move as expeditiously as possible.

5. Furthermore, as set forth in Part I of the Memorandum of Law filed in support of Plaintiffs' Order to Show Cause, Plaintiffs are substantially likely to succeed on the merits of their claim.

6. Plaintiffs' counsel has attempted to settle this matter with Defendants, the Town of Oyster Bay and Town Supervisor John Venditto, for over a month. On April 5, 2010, Plaintiffs' counsel informed the Town Board of Supervisors of the Town of Oyster Bay, via letter, that the Ordinance was unconstitutional and that, if steps were not taken to repeal the Ordinance by April 16, we would commence litigation to invalidate the Ordinance. A copy of this letter is attached hereto as Exhibit A.

7. The timing of this letter was informed by Plaintiffs' understanding that the spring season, and the month of April in particular, mark the commencement of the crucial period for obtaining seasonal day-labor work.

8. On April 13, 2010, the Town responded to counsel's letter suggesting a meeting to determine whether this matter might be resolved without litigation. A copy of that letter in response is attached hereto as Exhibit B.

9. Accordingly, the parties met on April 26, 2010, in an attempt to settle this matter.

10. As a result of that meeting, the Town agreed to temporarily suspend enforcement of the Ordinance, beginning April 29, 2010, while negotiations ensued. A copy of the email correspondence memorializing that agreement is attached hereto as Exhibit C.

11. On May 4, 2010, at the request of Defendants, Plaintiffs submitted a settlement proposal to the Town of Oyster Bay. A copy of the letter containing that proposal is attached hereto as Exhibit D.

12. On May 14, 2010 the Town informed Plaintiffs that the settlement proposal was not satisfactory and that it would resume enforcing the Ordinance that same day. A copy of the correspondence indicating this position is attached hereto as Exhibit E.

13. Thus, for the reasons stated in the Affidavits of Luz Torres and Nadia Marin, to the effect that the enforcement of the Ordinance is causing real and immediate harm to the First Amendment rights of the Plaintiffs and their day-laborer members, as well as economic harm to those day laborers, Plaintiffs respectfully move by Order to Show Cause for a Preliminary Injunction to bar enforcement of the Ordinance, and for a Temporary

Restraining Order enjoining enforcement pending hearing on the preliminary injunction motion.

14. On May 17, 2010, I telephoned Mr. Greg Giammalvo, the Town Attorney for the Town of Oyster Bay, to inform him that Plaintiffs intended to file this lawsuit and to move on the morning of May 18, 2010, by Order to Show Cause seeking a preliminary injunction and for a temporary restraining order.

15. No previous applications seeking similar relief have been made to this Court.

_____<br>COREY STOUGHTON

Dated: May 18, 2010

4