UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CENTRO DE LA COMUNIDAD HISPANA    :
DE LOCUST VALLEY and THE           :
WORKPLACE PROJECT,                 :     10-cv-02262 (DRH)(ARL)
                                       :
                 Plaintiffs,     :
                                       :       **ANSWER &**
     -against-               :    **COUNTERCLAIMS**
                                       :
TOWN OF OYSTER BAY, JOHN VENDITTO,  :
Town Supervisor of the Town of Oyster Bay,  :
                                       :
                Defendants.    :
                                       :
-------------------------------------------------------------x

      Defendants, Town of Oyster Bay and John Venditto, Town Supervisor of the Town of Oyster Bay, by their undersigned attorneys, as and for their Answer and Counterclaims, allege as follows:

      1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint, except deny that Chapter 205-32 of the Town Code of the Town of Oyster Bay (the "Ordinance") is unlawful or was enacted as a result of any discriminatory community animus regarding the individuals purported to be represented by Plaintiffs.

      2.     Deny each and every allegation contained in paragraph "2" of the Complaint.

      3.     Deny each and every allegation contained in paragraph "3" of the Complaint.

      4.     Deny each and every allegation contained in paragraph "4" of the Complaint.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint, except admit that the Town has publicized the adoption of the Ordinance and has, from time to time, directed employees of its Department of Public Safety to patrol areas where day laborers have typically congregated for the lawful and necessary purpose of protecting the public safety and welfare.

6.      Deny each and every allegation contained in paragraph "6" of the Complaint.

## JURISDICTION AND VENUE

7.      Defendants neither admit nor deny the allegations contained in paragraph "7" of the Complaint, and refer all legal determinations to this Honorable Court.

8.      Defendants neither admit nor deny the allegations contained in paragraph "8" of the Complaint, and refer all legal determinations to this Honorable Court.

## PARTIES

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11.      Admit the allegations contained in paragraph "11" of the Complaint.

12.      Admit the allegations contained in paragraph "12" of the Complaint.

## FACTS

13.      Admit the allegations contained in paragraph "13" of the Complaint upon information and belief.

2

14.     Admit the allegations contained in paragraph "14" of the Complaint upon information and belief.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

16.     Admit the allegations contained in paragraph "16" of the Complaint upon information and belief.

17.     Admit the allegations contained in paragraph "17" of the Complaint upon information and belief.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint, except deny that day laborers in the Town of Oyster Bay have been harassed or intimidated by government officials or law enforcement personnel employed by the Town of Oyster Bay.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint. Defendants further aver that this allegation constitutes immaterial, impertinent and scandalous matter within the meaning of Fed. R. Civ. P. 12 (f) inserted solely for the purpose of its inflammatory quality and effect.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint, except admit upon information and belief that Marcello Lucero was stabbed to death in the Village of Patchogue, New York and that the perpetrator of the crime was tried and convicted among other charges, of a hate crime  Defendants further aver that this allegation constitutes immaterial, impertinent and scandalous matter within the meaning of Fed. R. Civ. P. 12 (f) inserted solely for the purpose of its inflammatory quality and effect.

27.     In response to paragraph "27" of the Complaint, Defendants admit that, on March 31, 2009, the Town Board of the Town of Oyster Bay conducted a public hearing and respectfully refer the Court to the transcript of said public hearing for the true, accurate and complete minutes of said hearing.

28.     In response to paragraph "28" of the Complaint, Defendants admit that, on March 31, 2009, the Town Board of the Town of Oyster Bay conducted a public hearing and respectfully refer the Court to the transcript of said public hearing for the true, accurate and complete minutes of said hearing.

29.     In response to paragraph "29" of the Complaint, Defendants admit that the Town Board of the Town of Oyster Bay, upon due process and deliberation, enacted the Ordinance and respectfully refer the Court to the text of the Ordinance for a true, accurate and complete statement of its purpose and provisions.

30.     In response to paragraph "30" of the Complaint, Defendants admit that the Town Board of the Town of Oyster Bay, upon due process and deliberation, enacted the Ordinance and respectfully refer the Court to the text of the Ordinance for a true, accurate and complete statement of its purpose and provisions.

31.     In response to paragraph "31" of the Complaint, Defendants admit that the Town Board of the Town of Oyster Bay, upon due process and deliberation, enacted the Ordinance and respectfully refer the Court to the text of the Ordinance for a true, accurate and complete statement of its purpose and provisions.

32.     In response to paragraph "32" of the Complaint, Defendants admit that the Town Board of the Town of Oyster Bay, upon due process and deliberation, enacted the Ordinance and respectfully refer the Court to the text of the Ordinance for a true, accurate and complete statement of its purpose and provisions.

33.     In response to paragraph "33" of the Complaint, Defendants admit that the Town Board of the Town of Oyster Bay, upon due process and deliberation, enacted the Ordinance and respectfully refer the Court to the text of the Ordinance for a true, accurate and complete statement of its purpose and provisions.

34.     Admit that the quotations attributed to defendant, John Venditto, are substantially accurate, but further aver that said quotations are incomplete, quoted out of

context, and were made with reference to legitimate governmental and public policy concerns not exclusively or specifically limited to the subject of the Ordinance.

35.     Admit the allegations contained in paragraph "35" of the Complaint.

36.     In response to paragraph "36" of the Complaint, Defendants respectfully refer the Court to the transcript of the public hearing for the true, accurate and complete minutes of the hearing.

37.     In response to paragraph "37" of the Complaint, Defendants respectfully refer the Court to the transcript of the public hearing for the true, accurate and complete minutes of the hearing.

38.     In response to paragraph "38" of the Complaint, Defendants respectfully refer the Court to the transcript of the public hearing for the true, accurate and complete minutes of the hearing.

39.     In response to paragraph "39" of the Complaint, Defendants respectfully refer the Court to the transcript of the public hearing for the true, accurate and complete minutes of the hearing.

40.     In response to paragraph "40" of the Complaint, Defendants respectfully refer the Court to the transcript of the public hearing for the true, accurate and complete minutes of the hearing.

41.     in response to paragraph "41" of the Complaint, Defendants respectfully refer the Court to the transcript of the public hearing for the true, accurate and complete minutes of the hearing.

42.     In response to paragraph "42" of the Complaint, Defendants respectfully refer the Court to the transcript of the public hearing for the true, accurate and complete minutes of the hearing.

43.     In response to paragraph "43" of the Complaint, Defendants respectfully refer the Court to the transcript of the public hearing for the true, accurate and complete minutes of the hearing.

44.     In response to paragraph "44" of the Complaint, Defendants respectfully refer the Court to the transcript of the public hearing for the true, accurate and complete minutes of the hearing.

45.     In response to paragraph "45" of the Complaint, Defendants respectfully refer the Court to the transcript of the public hearing for the true, accurate and complete minutes of the hearing.

46.     Neither admit nor deny the allegations contained in paragraph "46" of the Complaint, and respectfully refer this Honorable Court to the laws, statutes and ordinances referred to therein for a complete and accurate statement of their requirements and provisions.

47.     Deny each and every allegation contained in paragraph "47" of the Complaint.

48.     Admit the allegations contained in paragraph "48" of the Complaint.

49.     Deny each and every allegation contained in paragraph "49" of the Complaint.

50.     Deny each and every allegation contained in paragraph "50" of the Complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Complaint.

52.     Admit the allegations contained in paragraph "52" of the Complaint.

53.     Deny each and every allegation contained in paragraph "53" of the Complaint, except admit that the Town of Oyster Bay has, from time to time, directed employees of the Department of Public Safety to patrol areas where day laborers have typically congregated for the lawful and necessary purpose of protecting the public safety and welfare.

54.     Deny each and every allegation contained in paragraph "54" of the Complaint, except admit that the Town has publicized the enactment and contents of the Ordinance, including posting information concerning said Ordinance in public places.

55.     Deny each and every allegation contained in paragraph "55" of the Complaint, except admit that the Town has issued warnings to individuals believed to have violated the Ordinance.

56.     Deny each and every allegation contained in paragraph "56" of the Complaint, except admit that the Town is lawfully entitled, and intends, to enforce the provisions of the Ordinance.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" of the Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "58" of the Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "59" of the Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "60" of the Complaint, except deny that day laborers have been subject to harassment by any law enforcement or governmental officials employed by the Town of Oyster Bay.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "61" of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "62" of the Complaint, except deny that any employees of the Town of Oyster Bay have engaged in any acts of unlawful harassment or intimidation of day laborers.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "63" of the Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "64" of the Complaint.

## FIRST CAUSE OF ACTION
### (First Amendment)

65.     Deny each and every allegation contained in paragraph "65" of the Complaint.

## SECOND CAUSE OF ACTION
### (Equal Protection)

66.     Deny each and every allegation contained in paragraph "66" of the Complaint.

9

## AFFIRMATIVE DEFENSES

### Standing

67.     Upon information and belief, Plaintiffs lack standing.

### The Ordinance Constitutes a
### Reasonable Time, Place and Manner Regulation

68.     To the extent, if any, that the Ordinance abridges the freedom of speech of the individuals claimed to be represented by Plaintiffs, the Ordinance is a reasonable restriction on the time, place or manner of said speech; is justified without reference to the content of the regulated speech; is narrowly tailored to serve a significant governmental interest; and leaves open ample alternative channels for communication of the information.  Accordingly, the Ordinance is lawful and does not violate the First Amendment to the United States Constitution.

### Any Speech Abridged by the Ordinance
### Constitutes Commercial Speech Related to Illegal Conduct
### And Is Not Entitled to Constitutional Protection

69.     To the extent, if any, that the Ordinance abridges the freedom of speech of the individuals claimed to be represented by Plaintiffs, the speech in question constitutes commercial speech related to and that has as its direct and indirect purpose and effect the violation of the laws of the United States, the State of New York and the Town of Oyster Bay by said individuals, as well as by the employers whose conduct is also regulated by the Ordinance, including, without limitation, the United States Immigration Laws and Income Tax Laws and the New York State Tax and Labor Laws.  Accordingly, the subject speech is not entitled to any constitutional protection and the Ordinance does not violate the First Amendment to the United States Constitution.

## The Ordinance Constitutes Lawful Regulation of Commercial Speech

70.     To the extent, if any, that the Ordinance abridges the free speech of the
individuals claimed to be represented by Plaintiffs, the regulated speech constitutes
commercial speech, the Ordinance was adopted for the purpose of addressing, and in fact
advances, a substantial government interest, and the Ordinance is narrowly tailored to
serve said government interest.   Accordingly, the Ordinance does not violate the First
Amendment to the United States Constitution.

## COUNTERCLAIMS

### Parties

71.     Defendant-Counterclaim Plaintiff Town of Oyster Bay is a New York
municipal corporation with its principal offices located at 54 Audrey Avenue, Oyster
Bay, New York 11771.

72.     Upon information and belief Plaintiff-Counterclaim Defendant Centro de
la Comunidad Hispana de Locust Valley is an unincorporated membership organization
located in Locust Valley, New York, which claims to have a membership consisting of,
and to represent the interests of, day laborers and their families who live and work in the
Town of Oyster Bay.

73.     Upon information and belief, Plaintiff-Counterclaim Defendant The
Workplace Project is an incorporated membership organization with its principal offices
located in Hempstead, New York, which claims to have a membership consisting of, and
to represent the interests of, Latino immigrant workers who live Nassau County, New
York and in particular in the Town of Oyster Bay.   Plaintiffs-Counterclaim Defendants
are referred to herein collectively as "Counterclaim Defendants."

11

## Jurisdiction and Venue

74.     This court has subject-matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 2201.

75.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the counterclaims arose in the Eastern District of New York.

## Facts Common to All Counterclaims

76.     On September 29, 2009, following due public notice and hearings, the Town Board of the Town of Oyster Bay voted unanimously to amend chapter 205, Streets and Sidewalks, of the Code of the Town of Oyster Bay to add Chapter 205-32, entitled "Solicitation from Streets and Sidewalks Prohibited" (the "Ordinance").   As set forth in Section A of the Ordinance, Legislative Intent, the legislative intent of the Ordinance is as follows:

> Legislative intent. It is the intention of the Town Board to protect the health, safety and welfare of motorists and pedestrians using public rights-of-way within the Town of Oyster Bay, and persons standing in close proximity to said public rights-of-way, from the dangers of obstruction, distraction and delays of traffic caused by the solicitation of employment by pedestrians from or directed to operators or occupants of motor vehicles while utilizing the Town's public rights-of-way, or by the offer of employment to pedestrians by the operators or occupants of motor vehicles while utilizing the Town's public rights-of-way.

## The Unsafe and Hazardous Conditions
## Caused by the Congregation of Day Laborers
## On the Streets and Sidewalks of Oyster Bay

77.     Prior to the enactment of the Ordinance, the street and sidewalks of the Town, and in particular certain intersections located along Forest Avenue between 12th Street and 14th Street in the hamlet of Locust Valley, were utilized by day laborers, including, without limitation, individuals claimed to be members of, or whose interests

are claimed to be represented by, Counterclaim Defendants, for the purpose of advertising and offering their services for hire for daily or short term labor, and soliciting employment from the operators of motor vehicles utilizing the Town's streets and highways for said purpose.

78.     At times, the numbers of day laborers congregating upon the streets and sidewalks of the Town, amounted to or exceeded forty or fifty individuals at a time.  The congregation of day laborers on said streets and sidewalks for the purpose of soliciting employment regularly occurred on a daily basis, seven days a week, for periods of time equal to and exceeding four or five hours a day, and reaching a peak in the spring and summer months.

79.     As a result of the regular congregation of day laborers in said specified locations offering their labor services for hire, individuals and companies desiring to hire and employ day laborers for daily or short term labor also regularly congregated upon such streets and intersections for the purpose of hiring said day laborers, and then returning them to said location after the completion of their services.

80.     Upon information and belief, the day laborers who regularly congregated at the specified locations included numerous individuals who did not reside in the hamlet of Locust Valley or the Town of Oyster Bay, including individuals who regularly commuted to said locations from other localities and other municipalities for the sole purpose of seeking employment.

81.     The regular presence and congregation of day laborers and potential employers upon the streets and sidewalks of the Town of Oyster Bay prior to the enactment of the Ordinance, particularly in the locations described above, had the result

13

of creating unsafe and hazardous traffic and pedestrian conditions, and endangered the health, safety and welfare of the residents of Oyster Bay, and in particular those individuals and families residing in the hamlet of Locust Valley, in close proximity to the streets and intersections along Forest Avenue between 12th street and 14th street. These unsafe and hazardous conditions included, without limitations:

(i)     overcrowding on sidewalks which blocked the line-of-sight of drivers attempting to make a turn into or pull into Forest Avenue;

(ii)    blockage of pedestrian traffic along Forest Avenue and the adjoining side streets, causing local residents, including mothers with young, school-aged children, to have to walk in the streets in order to circumvent the crowds of day laborers;

(iii)   causing vehicles to slow down and make sudden stops and/or to double park along Forest Avenue and the adjoining side streets, endangering other vehicular traffic;

(iv)    causing day laborers to dart into the streets without notice for purposes of accessing an employers' vehicle, endangering both the day laborers themselves and other vehicular traffic;

(v)     causing day laborers to urinate in public places while congregating on the sidewalks awaiting employment.

(vi)    resulting in harassment, threats and hostile and intimidating remarks and gestures made by day laborers directed at local residents.

82.    Upon information and belief, the individuals claimed to be represented by Counterclaim Defendants have numerous lawful alternative channels of communication in which to engage in the speech regulated by the Ordinance, including, without limitation, participation in a lawfully established day laborer hiring hall located in Glen Cove, New York, at a distance of less then two miles from the intersection of Forest Avenue and 12th Street in the hamlet of Locust Valley.

**The Speech Engaged in by Day Laborers
for the Purpose Of Soliciting Employment
<u>Constitutes Commercial Speech Related to Illegal Acts</u>**

83.    Upon information and belief, the speech engaged in by all, or the vast preponderance, of individuals claimed to be represented by Counterclaim Defendants constitutes commercial speech which has as its direct or indirect intention and result, and is clearly related to, illegal activity that violates the laws of the United States, the State of New York, and the Town of Oyster Bay, in numerous respects, including, without limitation, the following:

(i)    The unlawful employment of individuals who have entered and are living in the United States unlawfully, in violation of the immigration laws of the United States.

(ii)    The unlawful failure of the individuals claimed to be represented by Plaintiffs to report their income from their short time employment as day laborers, or to pay federal and state income tax thereupon;

(iii)    The unlawful failure by the employers who employ and engage said individuals as day laborers for short time employment to report their

income to the taxing authorities and to comply with federal and state requirements for payroll withholdings, payroll deductions and to issue proper Form 1099's and other required tax information forms to said individuals for income tax reporting purposes.

(iv)    The unlawful failure by the employers who employ and engage said individuals to comply with numerous requirements of New York State Labor Law, including, without limitation, maintenance of required workers' compensation, disability, and unemployment insurance coverage applicable to said individuals and payment of minimum wage.

(v)    The unlawful engagement by the individuals claimed to be represented by Plaintiffs in the licensed business of peddling their services as laborers on the streets and sidewalks of the Town of Oyster Bay without applying for and obtaining valid peddlers licenses as required by Chapter 173 of the Town Code of the Town of Oyster Bay.

## FIRST COUNTERCLAIM
## FOR DECLARATORY JUDGMENT

84.    Defendant-Counterclaim Plaintiff Town of Oyster Bay repeats and realleges each and every allegation contained in paragraphs "1" through "83" above, as though fully set forth herein.

85.    The Ordinance is a reasonable restriction on the time, place or manner of the speech regulated thereby; is justified without reference to the content of the regulated speech; is narrowly tailored to serve a significant governmental interest; and leaves open ample alternative channels for communication of the information. Accordingly, the

Ordinance is lawful and does not violate the First Amendment to the United States Constitution.

86.     An actual and justiciable controversy exists between Defendant-Counterclaim Plaintiff Town of Oyster Bay and Counterclaim Defendants concerning the constitutionality of the Ordinance.

87.     Defendant-Counterclaim Plaintiff Town of Oyster Bay has no adequate remedy at law.

88.     By reason of the foregoing, Defendant-Counterclaim Plaintiff Town of Oyster Bay is entitled to declaratory judgment, declaring, adjudging and decreeing that the Ordinance is a lawful and valid exercise of the police powers of the Town of Oyster Bay and does not violate or contravene the First Amendment to the United States Constitution.

## SECOND COUNTERCLAIM
## FOR DECLARATORY JUDGMENT

89.     Defendant-Counterclaim Plaintiff Town of Oyster Bay repeats and realleges each and every allegation contained in paragraphs "1" through "88" above, as though fully set forth herein.

90.     To the extent, if any, that the Ordinance abridges the freedom of speech of the individuals claimed to be represented by Plaintiffs, the speech in question constitutes commercial speech related to and that has as its direct and indirect purpose and effect the violation of the laws of the United States, the State of New York and the Town of Oyster Bay by said individuals, as well as by the employers whose conduct is also regulated by the Ordinance, including, without limitation, the United States Immigration Laws and Income Tax Laws and the New York State Tax and Labor Laws.   Accordingly, the

subject speech is not entitled to any constitutional protection and the Ordinance does not violate the First Amendment to the United States Constitution.

91.     An  actual  and  justiciable  controversy  exists  between  Defendant-Counterclaim Plaintiff Town of Oyster Bay and Counterclaim Defendants concerning the constitutionality of the Ordinance.

92.     Defendant-Counterclaim Plaintiff Town of Oyster Bay has no adequate remedy at law.

93.     By reason of the foregoing, Defendant-Counterclaim Plaintiff Town of Oyster Bay is entitled to declaratory judgment, declaring, adjudging and decreeing that the Ordinance is a lawful and valid exercise of the police powers of the Town of Oyster Bay and does not violate or contravene the First Amendment to the United States Constitution.

### THIRD COUNTERCLAIM
### FOR DECLARATORY JUDGMENT

94.     Defendant-Counterclaim Plaintiff Town of Oyster Bay repeats and realleges each and every allegation contained in paragraphs "1" through "93" above, as though fully set forth herein.

95.     To the extent, if any, that the Ordinance abridges the free speech of the individuals claimed to be represented by Plaintiffs, the regulated speech constitutes commercial speech, the Ordinance was adopted for the purpose of addressing, and in fact advances, a substantial government interest, and the Ordinance is narrowly tailored to serve said government interest.   Accordingly, the Ordinance does not violate or contravene the First Amendment to the United States Constitution.

18

96.     An actual and justiciable controversy exists between Defendant-Counterclaim Plaintiff Town of Oyster Bay and Counterclaim Defendants concerning the constitutionality of the Ordinance.

97.     Defendant-Counterclaim Plaintiff Town of Oyster Bay has no adequate remedy at law.

98.     By reason of the foregoing, Defendant-Counterclaim Plaintiff Town of Oyster Bay is entitled to declaratory judgment, declaring, adjudging and decreeing that the Ordinance is a lawful and valid exercise of the police powers of the Town of Oyster Bay and does not violate or contravene the First Amendment to the United States Constitution.

**WHEREFORE,** Defendant-Counterclaim Plaintiff Town of Oyster Bay demands judgment as follows:

(a)     Dismissing the Complaint in its entirety;

(b)     Awarding Defendant-Counterclaim Plaintiff Town of Oyster Bay the declaratory relief sought by its First Counterclaim and declaring, adjudging and decreeing that Chapter 205-32 of the Town Code of the Town of Oyster Bay is a lawful and valid exercise of the police powers of the Town of Oyster Bay, and does not violate or contravene the First Amendment to the United States Constitution.

(c)     Awarding Defendant-Counterclaim Plaintiff Town of Oyster Bay the declaratory relief sought by its Second Counterclaim and declaring, adjudging and decreeing that Chapter 205-32 of the Town Code of the Town of Oyster Bay is a lawful and valid exercise of the police powers of

the Town of Oyster Bay, and does not violate or contravene the First Amendment to the United States Constitution.

(d)    Awarding Defendant-Counterclaim Plaintiff Town of Oyster Bay the declaratory relief sought by its Third Counterclaim and declaring, adjudging and decreeing that Chapter 205-32 of the Town Code of the Town of Oyster Bay is a lawful and valid exercise of the police powers of the Town of Oyster Bay, and does not violate or contravene the First Amendment to the United States Constitution.

(e)    Awarding Defendants the attorneys fees incurred in the defense of this action in an amount to be determined, pursuant to 42 U.S.C. § 1988.

(f)    Awarding Defendants such other and further relief as the Court deems appropriate, including the costs and disbursements of this action.

Date:   Central Islip, New York
       June 22, 2010

**SINNREICH KOSAKOFF & MESSINA LLP**

By:_____
    Jonathan Sinnreich
    *Attorneys for Defendants-Counterclaim*
    *Plaintiff*
    267 Carleton Avenue, Suite 301
    Central Islip, New York 11722
    631-650-1200

    Christopher Kendric, Esq.
    Ahmuty Demers & McManus
    *Co-counsel for Defendant Town*
    200 I.U. Willets Road
    Alberston, New York 11507

Colin O'Donnell, Esq.
*Co-counsel for Defendant Venditto*
54 Audrey Avenue
Oyster Bay, New York 11771


To:

Corey Stoughton, Esq.
New York Civil Liberties Union
125 Broad Street, 19th Floor
New York, New York 10004
212-607-3300

Alan Levine, Esq.
LatinoJustice PRLDEF
99 Hudson Street, 14th Floor
New York, New York 10013
212-219-3360

Lee Gelernt, Esq.
American Civil Liberties Union
125 Broad Street, 17th Floor
New York, New York 10004
212-549-2500


F:\Data\1221-24\ANSWER & COUNTERCLAIM.doc